

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 2 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MARTIN CHAVEZ-CUEVAS,       )   Case No. CV 12-08121 GAF (AN)
                            )
          Petitioner,       )   ORDER DISMISSING PETITION FOR
                            )   LACK OF JURISDICTION
     v.                     )
                            )
RICHARD IVES (Warden),      )
                            )
          Respondent.       )
_____)

## I. Background

On September 20, 2012, Martin Chavez-Cuevas ("Petitioner"), a federal prisoner (Reg. No. 16715-112) proceeding in pro se, filed his pending petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. The Petition is not prepared on the Court's approved petition form and it shows Petitioner is currently imprisoned in this judicial district at the Bureau of Prison's Federal Correctional Institution in Lompoc, California. The Petition, and relevant federal court records available on PACER collectively establish Petitioner is currently in federal custody pursuant to a 360-month prison sentence he sustained on June 24, 2002, following a jury trial for conspiracy to distribute and possess with the intent to distribute methamphetamine. The Sentencing Court is the United States District Court for the District of Idaho. *See United States v. Martin Chavez-Cuevas*, case no. 1:00-cr-033-BLW (D. Idaho) (Official federal

1  court records.) From what the Court can glean, the Petition appears to raise one claim

2  attacking the legality of the sentence imposed against him by the Sentencing Court. (Pet.

3  at 11, 16, 18, 22.) For the reasons discussed below, this Court finds the Petition is

4  properly construed as a motion attacking Petitioner's sentence that must be brought

5  pursuant to 28 U.S.C. § 2255, and that it must be dismissed for lack of jurisdiction.

6  ## II. Discussion

7  　　　"Federal courts are always under an independent obligation to examine their own

8  jurisdiction, . . . and a federal court may not entertain an action over which it has no

9  jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*;

10  citations and quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court

11  determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

12  the action.") Local Rule 72-3.2 of this Court further provides that "if it plainly appears

13  from the face of the [habeas] petition and any exhibits annexed to it that the petitioner

14  is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary

15  dismissal and submit it and a proposed judgment to the District Judge."

16  　　　In order to determine whether it has jurisdiction over a habeas petition brought

17  by a federal prisoner, a district court must first determine whether the habeas petition

18  is properly brought pursuant to § 2241 or § 2255. *Hernandez*, 204 F.3d at 865. "The

19  general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which

20  a federal prisoner may test the legality of his detention, and that restrictions on the

21  availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C.

22  § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted),

23  cert. denied, 549 U.S. 1313, 127 S. Ct. 1896 (2007); *Harrison v. Ollison*, 519 F.3d 952,

24  955-56 (9th Cir. 2008). In contrast, a § 2241 habeas petition is the proper mechanism

25  for a federal prisoner seeking to challenge the manner, location or conditions of the

26  execution of his sentence. *Hernandez*, 204 F.3d at 864. The distinction between a §

27  2255 motion and a § 2241 petition affects not only the type of relief generally available,

28  but also whether a particular district court has jurisdiction to hear the request. *Id*. at 865.

1   A motion to vacate a sentence pursuant to § 2255 must be heard by the sentencing court

2   while habeas corpus petitions under § 2241 may be heard in the district court for the

3   judicial district where the federal prisoner is confined. *Id*. Where a prisoner has properly

4   sought, but been denied, federal habeas relief pursuant to § 2255, the prisoner cannot

5   circumvent the bar against successive § 2255 motions by merely relabeling a § 2255

6   motion as a § 2241 petition. *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).

7   On the other hand, § 2255 does have an "escape hatch" or "savings clause,"

8   which provides that "[a] federal prisoner may file a habeas petition under § 2241 to

9   challenge the legality of a sentence when the prisoner's remedy under § 2255 is

10  'inadequate or ineffective to test the legality of his detention.'" *Harrison*, 519 F.3d at

11  956; *Stephens*, 464 F.3d at 897. The petitioner has the burden of demonstrating § 2255

12  is "inadequate or ineffective." *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

13  Further, the "inadequate or ineffective" exception is very "narrow" and limited to

14  situations where, unlike here, the petitioner has established he: "(1) [is] factually

15  innocent of the crime for which he has been convicted; and, (2) [he] has never had an

16  'unobstructed procedural shot' at presenting this claim." *Ivy v. Pontesso*, 328 F.3d 1057,

17  1059-60 (9th Cir. 2003); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

18  The pending Petition fails to allege specific facts that show Petitioner is entitled

19  to seek § 2241 relief in this Court pursuant to § 2255's escape hatch or savings clause.

20  Petitioner's conclusory allegations also fail to meet his burden of showing he is

21  factually innocent. (Pet. at 6-7.)

22  Additionally, Petitioner has failed to show he never had an "unobstructed

23  procedural shot" at presenting this claim to the Sentencing Court as required by *Ivy*, 328

24  F.3d at 1059-60, Indeed, the record establishes Petitioner is attempting to use his

25  pending § 2241 Petition to circumvent the bar against an untimely § 2255 motion and

26  raise claims attacking the sentence imposed against him by the Sentencing Court.

27  Specifically, the records of the Sentencing Court establish that, after Petitioner

28  was sentenced and committed, he filed a timely notice of appeal [72] with the Ninth

1 | Circuit Court of Appeals. On January 11, 2006, the Ninth Circuit Court of Appeals filed
2 | its judgment [89] affirming the judgment of the District Court in all respects except for
3 | a limited remand for possible resentencing under *United States v. Ameline*, 409 F.3d
4 | 1073 (9th Cir. 2005). *U.S. v. Chavez-Cuevas*, 158 Fed. Appx. 888 (9th Cir. 2005). On
5 | June 15, 2006, Petitioner's request for resentencing upon remand from the circuit was
6 | denied [122]. Petitioner appealed that decision [126], and on September 15, 2008, the
7 | decision was affirmed [137]. On July 6, 2010, Petitioner filed his petition for writ of
8 | error *audita querela* pursuant to 28 U.S.C. § 1651 [139]. On September 14, 2010, the
9 | Sentencing Court denied the petition for writ of error *audita querela* [140]. The
10 | Sentencing Court found the challenge to Petitioner's sentence "is one typically
11 | considered in proceedings pursuant to 28 U.S.C. § 2255." The Sentencing Court further
12 | found that motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of
13 | "the date on which the judgment of conviction becomes final." In a case such as this one
14 | where a prisoner appeals his conviction, "that finality occurs when the Supreme Court
15 | 'affirms a conviction on the merits on direct review or denies a petition for a writ of
16 | certiorari, or when the time for filing a certiorari petition expires.'" *United States v.*
17 | *Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010)(citing *Clay v. United States*, 537
18 | U.S. 522, 527 (2003)). In this case, a review of the Ninth Circuit docket (Case No. 06-
19 | 30383) indicates that Petitioner filed a petition for a writ of certiorari which was denied
20 | by the Supreme Court on December 8, 2008. Therefore, Petitioner would have had until
21 | December 8, 2009, to timely file a § 2255 petition. He may not defeat the one-year
22 | statute of limitations under § 2255 by improperly relabeling or recasting a § 2255
23 | motion as a § 2241 petition to escape an untimeliness or successive petition bar. *See In*
24 | *re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)(noting it would be "senseless" to
25 | suppose that Congress would allow a prisoner to go through a "closed door" by
26 | changing the number on his motion.) Finally, on August 5, 2011, the Ninth Circuit
27 | Court of Appeals affirmed the Sentencing Court's decision [146].
28 | ///

1    Further, because the Petition is properly construed as a § 2255 motion that must
2  be filed with the Sentencing Court after Petitioner obtains approval from the Ninth
3  Circuit Court of Appeal, it is clear this Court must summarily dismiss it for lack of
4  jurisdiction.

### III. Conclusion

6    For the reasons stated above, the pending § 2241 Petition is properly construed
7  as a § 2255 motion which this Court lacks jurisdiction to consider and must be presented
8  to the Sentencing Court after Petitioner obtains approval from the Ninth Circuit. So
9  construed, the reference to the Magistrate Judge is vacated and the Petition is dismissed
10  for lack of jurisdiction. Any and all pending motions are terminated. The Clerk is
11  directed to enter judgment dismissing the Petition and to notify Petitioner.

13    IT IS SO ORDERED.

16  DATED:    October 25, 2012

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge